UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-405 |
| | § | |
| 12.559 ACRES OF LAND, MORE OR | § | |
| LESS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

The Court now considers the "Joint Motion for Order Establishing Just Compensation,
Granting Possession, and Distributing Funds On Deposit in the Registry of the Court for Tract
RGV-WSL-8002"[1] (hereafter, "Motion for Order") and the "Joint Motion for Reconsideration"[2]
filed by the United States of America ("United States"); and Gerardo Martinez ("Mr. Martinez")
and Marvin Fuller ("Mr. Fuller") (hereafter, collectively "Defendants"). After considering the
motions, record, and relevant authorities, the Court **GRANTS** the parties' motions.

### I.    BACKGROUND

The instant case was commenced by the United States on December 6, 2019.[3] This case
involves the taking of 12.559 acres of land, identified as Tract RGV-WSL-8002, in fee simple.[4]
Mr. Martinez is the record owner of Tract RGV-WSL-8002 (hereafter, "Subject Property") and
Mr. Fuller leases the Subject Property from Mr. Martinez for farming.[5] On December 17, 2019,

---

[1] Dkt. No. 23.
[2] Dkt. No. 25.
[3] Dkt. Nos. 1–3. On December 6, 2019, the United States filed its Complaint in Condemnation, Declaration of
Taking, and Notice of Condemnation. *Id.*
[4] Dkt. No. 1-1 at 2–8. Schedule C of the Declaration of Taking provides a legal description of the land. *Id.* at 6–8.
[5] *See* Dkt. Nos. 1–3; 15; 17.

the United States filed its opposed motion for order of immediate possession.[6] Thereafter, on January 6, 2020, the United States informed the Court that it had reached a settlement agreement with Mr. Martinez and was in the process of reaching an agreement with Mr. Fuller.[7]

On March 5, 2020, the parties filed the instant Motion for Order informing the Court that both Defendants have stipulated to a just compensation amount and requesting the Court grant the United States immediate possession, disburse just compensation, and close the case.[8] On April 1, 2020, the Court denied the Motion for Order and struck the United States' most recent amended Schedule GG on the grounds that the United States had not properly added Mr. Fuller to the case prior to the filing of an amended Schedule GG. On April 2, 2020, the parties filed a motion for reconsideration.[9] The Court now turns to the motion for reconsideration.

## II.   MOTION FOR RECONSIDERATION

The parties filed the instant motion for reconsideration, requesting the Court reconsider its decision to deny the Motion for Order on the grounds that Mr. Fuller was an original Defendant in the action and was not improperly added by the amended Schedule GG.[10] The Court notes that Mr. Fuller was in fact added as an original party in the Declaration of Taking.[11] Due to the Court's inability to find proof of Mr. Fuller's interest in the property, the Court mistakenly believed that Mr. Fuller was improperly added to the action without the Court's permission. The United States now attaches the lease agreement between Mr. Fuller and Mr.

---

[6] Dkt. No. 9.
[7] Dkt. No. 12. In its initial notice of settlement, the United States informed the Court that Mr. Fuller, who leases the land from Mr. Martinez for farming, was planning to disclaim his interest in the Subject Property. *See* Dkt. No. 12. However, the United States later informed the Court that Mr. Fuller modified his lease with Mr. Martinez but requested $3,500.00 in just compensation in order to compensate him for "lost acreage of tillable cropland at the time of the taking." Dkt. No. 17 at 1, ¶ 2. The United States agreed.
[8] Dkt. No. 23 at 4, ¶ 5(f)(i)–ii).
[9] Dkt. No. 25.
[10] *Id.* at 1–3.
[11] Dkt. No. 2-1 at 21.

Martinez which gives Mr. Fuller an interest in the instant suit.[12] Accordingly, the Court **GRANTS** the motion for reconsideration.[13] The Court now reconsiders the parties' Motion for Order.[14]

### III. MOTION FOR ORDER

In the Motion for Order, the parties inform the Court that both Defendants have stipulated to just compensation in the amount of $128,500.00, with $125,000.00 to be paid to Mr. Martinez and $3,500.00 to be paid to Mr. Fuller.[15] The parties request that the Court enter an order (1) establishing $128,500.00 as the total just compensation for the Subject Property; (2) granting the United States immediate possession of the Subject Property; (3) disbursing the stipulated amount of just compensation from the funds on deposit in the Registry of the Court for the Subject Property; and (4) closing this case on the Court's docket.[16]

The United States has made deposits into the Court Registry sufficient to fulfill the stipulated just compensation amount.[17] As proof of Mr. Martinez's ownership of the Subject Property, the United States informs the Court that on October 26, 2006, Mr. Martinez's mother, Irma M. Martinez, transferred her sole interest in the Subject Property to Mr. Martinez and his sister, Marianela Martinez.[18] Thereafter, on November 12, 2014, Marianela Martinez transferred her interest in the Subject Property to Mr. Martinez.[19] As proof of Mr. Fuller's interest in the just

---

[12] Dkt. No. 25-1.

[13] Dkt. No. 25.

[14] Dkt. No. 23.

[15] *Id.* at 4, ¶ 5(f)(i)–ii).

[16] *Id.* at 2, ¶ 5.

[17] The United States points to three separate deposits fulfilling payment to Defendants: (1) a deposit of $93,449.00 on December 9, 2019 (Dkt. No. 5); (2) a deposit of $31,551.00 on January 16, 2020 (Dkt. No. 14); and (3) a deposit of $3,500.00 on March 5, 2020 (Dkt. No. 22).

[18] Dkt. No. 23 at 2, ¶ 3 (citing to Dkt. No. 23-1 (Gift Warranty Deed, Instrument Number: 2007-1742289 recorded in the real property records of Hidalgo County, Texas, on April 3, 2007)).

[19] *Id.* (citing to Dkt. No. 23-2 (Gift Warranty Deed, Instrument Number: 2014-2568027 recorded in the real property records of Hidalgo County, Texas, on December 3, 2014)).

compensation in this case, the parties attach Mr. Fuller's lease agreement with Mr. Martinez to the motion for reconsideration.[20]

The Court finds evidence on the record sufficient to establish that Mr. Martinez is the record owner of the Subject Property and Mr. Fuller had an interest in the Subject Property prior to the commencement of this action that entitles him to a portion of the just compensation in this case. Moreover, just compensation has been established according to the United States and Defendants' agreed amount of compensation.

Accordingly, the Court hereby awards the United States possession of the Subject Property in fee simple. Judgment is hereby entered against the United States in the amount of $128,500.00 for a taking of Tract RGV-WSL-8002 in fee simple as described in the Complaint in Condemnation.[21] In accordance with the parties' agreed terms,[22] the United States shall allow Defendants, any person or entity reasonably needed for the operation of Defendants' businesses or for the full use and enjoyment of Defendants' remaining property, and all successors in interest to Defendants' property access through the border fence gates located on the Subject Property as well as any other border fence gates through which Defendants are granted access as identified in the map provided by the parties.[23] The United States shall provide such access at all times except in the case of an emergency, or to the extent necessary for the United States to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Moreover, the United States shall provide Defendants with the current keypad access code for the gates identified by the parties,[24] and must provide timely notice of any change or modification of the code to the

---

[20] Dkt. No. 25-1. The lease agreement runs from September 1, 2018 to August 31, 2021. The parties provide that Mr. Fuller has amended the lease agreement with Mr. Martinez and has since agreed to $3,500.00 in just compensation.
[21] Dkt. No. 1 at 16.
[22] Dkt. No. 23 at 4, ¶ 5(g).
[23] Dkt. No. 23-3.
[24] *Id.*

Defendants such that Defendants' access through the gates shall be continuous and uninterrupted, except to the extent necessary for the United States to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Defendants and all successors in interest hereby have the right to share, assign, or delegate the keypad access code used to operate the gates without restriction, subject to the United States exercising its authority under 8 U.S.C. § 1357 and implementing regulations.[25]

There being no outstanding taxes or assessments due or owing, Mr. Martinez shall be responsible for the payment of any taxes or assessments owed on Tract RGV-WSL-8002 on the date of taking.[26] In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the Subject Property, Mr. Martinez shall refund into the Registry of the Court the compensation distributed herein, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Mr. Martinez, to the date of repayment into the Registry of the Court.[27] Upon this agreement with the United States, Mr. Martinez shall save and hold harmless the United States from all claims or liability resulting from any unrecorded leases or agreements affecting the interests in the Subject Property on the date of taking.[28]

Further, the parties shall be responsible for their own legal fees, costs, and expenses, including attorneys' fees, consultant's fees, and any other expenses or costs.[29] Finally, the United States and Defendants agree to take no appeal from any rulings or judgments made by the Court

---

[25] Dkt. No. 23 at 4, ¶ 5(g).
[26] *Id.* at 5, ¶ 5(k).
[27] *Id.* ¶ (5)(i).
[28] *Id.* ¶ 5(m).
[29] *Id.* ¶ 5(j).

in this action, and consent to the entry of all orders and judgments necessary to effectuate this stipulated judgment.[30]

## IV.    HOLDING

Accordingly, the Court **GRANTS** the motion for reconsideration[31] and the Motion for Order[32] and awards the United States possession of Tract RGV-WSL-8002 in fee simple. The Court hereby **ORDERS** the Clerk of the Court to **DISBURSE** the total sum of **one hundred and twenty-eight thousand five-hundred dollars ($128,500.00) along with any accrued interest earned thereon while on deposit**, payable to the order of the following individuals, each payable by check:

- $125,000.00 to Gerardo Martinez, with accrued interest from the date of deposit;

- $3,500.00 to Marvin Fuller, with accrued interest from the date of deposit.

In light of the foregoing, the Court **DENIES AS MOOT** the United States' motion for immediate possession.[33] The Court further **CANCELS** the parties' April 14, 2020 status conference.[34] A final judgment will issue separately pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of April, 2020.

_____
Micaela Alvarez
United States District Judge

---

[30] *Id.* ¶ 5(l).
[31] Dkt. No. 25.
[32] Dkt. No. 23.
[33] Dkt. No. 9.
[34] Dkt. No. 16.